

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00019-CV

_____

GABREL ARTHUR, Appellant

V.

LATODRA WILLIAMS, Appellee

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. CV-25-05285

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

This is an interlocutory appeal from an order denying a special appearance in a partition suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Supp.). The trial court granted LaTodra Williams's motion for substituted service and signed an order allowing Williams to leave a copy of the citation and petition with anyone over sixteen years old at Gabrel Arthur's residences. The filed returns of service stated that the process server attached the service to the door of the dwelling at both addresses listed in the trial court's substituted service order. Arthur filed a special appearance challenging the trial court's personal jurisdiction over him. The trial court denied the special appearance on the basis that Arthur was properly served.

On appeal, Arthur challenges the trial court's order denying his special appearance, contending that the failure to strictly comply with the trial court's order for substituted service prevented the trial court from acquiring personal jurisdiction over him. Because a special appearance cannot be used to challenge a defect in service and, even if we construe his filings as a motion to quash, that motion operated as a general appearance, we affirm the trial court's order denying the special appearance.

I.      **Background**

According to Williams's petition, she and Arthur had been in a personal and business relationship. They owned land together, and Williams loaned money to Arthur. When the personal relationship fell apart, so did the business relationship. When Arthur declined to pay back the loan to Williams, Williams brought a partition suit, hoping to sell her half of the land.

The petition set out addresses for Arthur in the cities of Mount Pleasant, Pittsburg, and

2

Red Oak, Texas. Citation issued for each of the three addresses. A process server attempted to serve Arthur in person at each of the three addresses (six different attempts on six different days at the Mount Pleasant address, five different attempts on five different days at the Pittsburg address, and seven different attempts on seven different days at the Red Oak address). Based on an affidavit from the process server to that effect, Williams moved for substituted service. The trial court granted that request, permitting service to be accomplished by leaving citation with the petition attached with "anyone over sixteen years of age" at the Mount Pleasant address or the Red Oak address.

Returns of service filed on October 9, 2025, reflect that the process server left citation with the petition attached to the front doors of the Mount Pleasant and Red Oak locations.

On October 28, 2025, via a single instrument, Arthur filed a special appearance and a motion to quash service. Arthur asserted that he lived at the Pittsburg location (which was omitted from the order regarding substituted service but had not been omitted from the prior attempts of personal service). Though asserting that the Pittsburg location was his "primary residence," Arthur nonetheless asserted that Williams had not been diligent in attempting service before seeking substituted service.

On October 31, 2025, Williams responded. Among other things, Williams asked that Arthur's motion to quash be denied.

On November 24, 2025, Arthur responded. "[T]o narrow the issues before the [trial court]," Arthur conceded his motion to quash and stated, in his view, "[t]he Special Appearance remain[ed] the only matter properly before the [trial court]." Arthur denied ever being

personally, served, and denied citation and petition were left at either his Mount Pleasant or Red Oak properties. Arthur conceded that he did have actual notice of the suit, which he averred he obtained "accidently" by "Googling" Williams's name.

At the hearing on his special appearance, Arthur argued "[t]hat [the] service order was exceeded because service did not strictly comply with Rule 106(b) . . . [and] Rule 107 [of the Texas Rules of Civil Procedure], personal jurisdiction never attached." *See* TEX. R. CIV. P. 106(b), 107. The trial court denied the special appearance, stating that Arthur "was properly served in accordance with Rule 106." Neither party requested findings of fact or conclusions of law, and Arthur brings this interlocutory appeal.

## II.    Standard of Review and Applicable Law

"[W]e review a trial court's decision on special appearances *de novo*." *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). "When no findings of fact and conclusions of law are made by the trial court, 'we infer "all facts necessary to support the judgment and supported by the evidence."'" *Wilco Farmers v. Carter*, 558 S.W.3d 197, 201–02 (Tex. App.—Texarkana 2018, no pet.) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007)). "If the plaintiff meets its initial burden to plead allegations sufficient to confer personal jurisdiction, the burden shifts to the defendant to negate all jurisdictional bases alleged." *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413 (Tex. 2023). Therefore, we will affirm the trial court's special appearance ruling on any legal theory supported by the record. *LeBlanc v. Kyle*, 28 S.W.3d 99, 101–02 (Tex. App.—Texarkana 2000, pet. denied); *SITQ E.U., Inc. v. Reata Rests., Inc.*, 111 S.W.3d 638, 645 (Tex. App.—Fort Worth 2003, pet. denied); *Dukatt v. Dukatt*,

4

355 S.W.3d 231, 237 (Tex. App.—Dallas 2011, pet. denied).

"[A] special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant *on the ground that such party or property is not amenable to process* issued by the courts of this State." TEX. R. CIV. P. 120a(1) (emphasis added).

> Defective service or defective process, or even an attempt to bring the defendant before the court under the wrong statute does not authorize the use of the special appearance. If the defendant attempts to make a special appearance to raise any of these contentions, then his appearance is a general one[.]

*Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (per curiam) (orig. proceeding) (quoting E. Wayne Thode, *In Personam Jurisdiction: Article 2031(b), The Texas Longarm Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 TEX. L. REV. 279, 312–13 (1964)). "[A] mere challenge to the method of service fails as a special appearance and constitutes a general appearance." *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999) (per curiam).

## III.    Analysis and Conclusion

Arthur's complaints go to the manner of service on a Texan regarding a partition suit over Texas property. Arthur's complaints regarding the manner of service were properly the subject of a motion to quash. Arthur abandoned his motion to quash. But he continued to urge complaints about the manner of service via special appearance. Arthur makes no complaint that he cannot be served at all because his ties to Texas are so weak that due process would not permit a Texas court to exercise personal jurisdiction over him. Arthur's complaints about the

5

manner of service were not and are not the proper subject of a special appearance. Consequently, his special appearance is considered a general appearance.

We affirm the trial court's order denying the special appearance.[1]

Jeff Rambin
Justice

Date Submitted: April 27, 2026
Date Decided: June 26, 2026

---

[1]Arthur also filed a motion to clarify the status of his interlocutory appeal and for temporary relief. Because we have affirmed the trial court's order denying the special appearance, we deny Arthur's motion as moot.